IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL W. GRIMES,

        Plaintiff,                      No. 2:10-cv-2346 WBS JFM (PC)

    vs.

FOLSOM STATE PRISONS
PSYCHIATRIC SERVICES
UNITS MEDICAL STAFF, DR.
M. BOBBALLA, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

                          /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        By order filed November 19, 2010, this court found that plaintiff's complaint stated a cognizable claim for relief againt five named defendants and ordered plaintiff to complete and return forms necessary for service of process. The court also found that plaintiff's complaint includes a request for preliminary injunctive relief, seeking medical care for his right shoulder and both hips, and indicated its intent to consider this request and to consider any response thereto filed by the California Attorney General within a thirty day period. The

/////

1  California Attorney General sought and received a five day extension of time to file a response,
2  which was filed on December 23, 2010.
3       The legal principles applicable to a request for injunctive relief are well
4  established. To prevail, the moving party must show either a likelihood of success on the merits
5  and the possibility of irreparable injury, or that serious questions are raised and the balance of
6  hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122
7  F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
8  1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal
9  point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under
10 any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
11 irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the
12 court need not reach the issue of likelihood of success on the merits. Id.
13      In cases brought by prisoners involving conditions of confinement, any
14 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
15 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
16 correct the harm." 18 U.S.C. § 3626(a)(2).
17      Plaintiff seeks injunctive relief requiring defendants to provide him with timely
18 adequate medical treatment for pain in his hips and his right shoulder. See Complaint filed
19 August 31, 2010, at 5. Plaintiff alleges that he has significant pain in his left hip cause by a hip
20 socket disease and he contends he was told by a doctor at San Joaquin General Hospital that he
21 needs surgery on that hip. See Attachment to Complaint, "Explanation of Hips", p. 4.
22      As noted above, the California Attorney General has filed an informal response to
23 plaintiff's request for injunctive relief. That response is accompanied by a declaration from Dr.
24 M. Bobbala, one of the defendants in this action. Dr. Bobbala avers in relevant part that plaintiff
25 has been seen and treated for his shoulder complaints, that an x-ray of his shoulder was normal,
26 and that plaintiff was referred to physical therapy but refused to attend. Declaration of M.

Bobbala filed December 23, 2010 (Bobbola Declaration), at ¶ 4.  Dr. Bobbala also avers that plaintiff "was diagnosed with Legg-Calve-Perthes disease as a young child" and that he had a total right hip replacement while incarcerated.  Id. at ¶ 3.  He further avers that plaintiff was seen by an orthopedic specialist on July 1, 2010.  Id.  The specialist recommended discontinuing Tylenol # 3 and starting Motrin, prescribed a 1 cm left shoe lift, and asked for a follow up in six months.  Id.  A report from the Diagnostic Imaging Department of the San Joaquin General Hospital from the July 1, 2010 examination indicates that plaintiff's left hip is "dysplastic . . . with shallow acetabulum and a remodeled femoral head."  Ex. A to Bobbola Declaration.  Plaintiff is scheduled for an orthopedic follow up visit during the first week of January 2011.  Id.  Dr. Bobbala also avers that plaintiff suffers from paranoid schizophrenia.  Id. at ¶ 4.  He opines that plaintiff has "received appropriate care for all his medical issues."  Id. at ¶ 5.

In order to obtain preliminary injunctive relief, plaintiff must demonstrate that he is faced with the possibility of irreparable injury or that the balance of hardships tips in his favor, and at least some likelihood of success on the merits of his Eighth Amendment claim of inadequate medical care.  In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

With respect to his complaint of shoulder pain, the record before the court suggests that x-rays of plaintiff's shoulder were negative, and that plaintiff refused to attend the prescribed physical therapy.  Preliminary injunctive relief is not appropriate for plaintiff's complaints of shoulder pain.

1  With respect to plaintiff's complaints concerning his right hip, plaintiff alleges in the complaint that his right hip had felt better for more than a month following the July 1, 2010 orthopedic consult.  Preliminary injunctive relief is not appropriate for plaintiff's complaints concerning his right hip.

With respect to plaintiff's complaints concerning his left hip, the record is more equivocal.  It is undisputed that plaintiff was diagnosed with a degenerative hip disease as a child, which has already led to the replacement of one hip.  It is also undisputed that plaintiff was seen at the San Joaquin General Hospital on July 1, 2010; plaintiff states that the doctor there told him he would need surgery on his left hip, which would be preceded by a bone density test.  The report provided by the California Attorney General includes the doctor's notes from that visit and a report from the Diagnostic Imaging Department of that hospital but no declaration from the outside specialist who saw plaintiff on July 1, 2010.  It is not clear, from the notes provided by the California Attorney General whether the outside specialist discussed possible surgery with plaintiff at that visit.

As noted above, however, plaintiff was scheduled for an orthopedic follow up visit, which was to take place during the first week of January 2011.  It is likely that follow up visit may provide additional information relevant to the appropriate course of care for plaintiff's left hip.  Accordingly, the court will recommend that plaintiff's motion for preliminary injunctive relief be denied without prejudice to its renewal, as appropriate, at a later stage of these proceedings.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of these findings and recommendations on Supervising Deputy Attorney General Monica N. Anderson; and

IT IS HEREBY RECOMMENDED that plaintiff's request for preliminary injunctive relief contained in his complaint be denied with respect to his complaints concerning

/////

his shoulder and his right hip and denied without prejudice with respect to his request for adequate treatment for his left hip.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2011.

[signature]<br>
UNITED STATES MAGISTRATE JUDGE

12
grim2346.57