IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL W. GRIMES,

        Plaintiff,                  No. 2:10-cv-2346 JFM (PC)

    vs.

FOLSOM STATE PRISONS
PSYCHIATRIC SERVICES
UNITS MEDICAL STAFF, DR.
M. BOBBALLA, et al.,

        Defendants.
                           /                ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 23, 2011, the court ordered the United States Marshall to serve process on five defendants named in plaintiff's original complaint, including Dr. M. Bobballa; Nurse M. Joyce; Chief Psychologist K. Morgan; Warden T. Virga; and Correctional Officer Shearer.

        On March 3, 2011, plaintiff filed a request for voluntary dismissal of defendants Virga, Morgan and Boballa. Included in that request was a request to add two new defendants to this action. By order filed March 28, 2011, the court granted plaintiff's request for voluntary dismissal of defendants Virga, Morgan and Boballa, vacated the order directing the United

/////

1

1  States Marshal to serve process on defendants, and dismissed plaintiff's complaint with thirty
2  days leave to file an amended complaint.
3    On April 26, 2011, plaintiff filed a first amended complaint and a motion for a
4  temporary restraining order.  On August 18, 2011, plaintiff filed a document styled as a motion
5  for default judgment.  On September 9, 2011, plaintiff filed a document styled as a motion to
6  change his claim and reinstate defendants Virga and Morgan.  By order filed October 4, 2011,
7  plaintiff's amended complaint was dismissed and plaintiff was granted thirty days in which to file
8  a second amended complaint.  Plaintiff has now filed a second amended complaint.
9    The court is required to screen complaints brought by prisoners seeking relief
10 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
11 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
12 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
13 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
14 U.S.C. § 1915A(b)(1),(2).
15   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
17 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
18 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
19 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
20 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
21 Cir. 1989); Franklin, 745 F.2d at 1227.
22   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
23 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
24 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
25 Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355
26 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

1  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
2  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
3  id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the
4  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson
5  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn
6  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this
7  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,
8  and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416
9  U.S. 232, 236 (1974).

   Plaintiff has named twenty-nine defendants in his second amended complaint, and he attempts to raise several distinct claims, including claims of deliberate indifference to his serious medical needs, excessive force, and retaliation. While it is clear that plaintiff has stated some cognizable claims for relief in the second amended complaint, the pleading also contains a lot of "narrative rambling". McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996).

   In McHenry, the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information." The court observed the Federal Rules require that a complaint consist of "simple, concise, and direct" averments. Id. As a model of concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

   1. Allegation of jurisdiction.

   2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

   3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

3

1  Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

2

3  Id.

4  Plaintiff's complaint suffers from many of the same problems as the pleading

5  dismissed in McHenry. As in McHenry, "[p]rolix, confusing complaints such as the ones

6  plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179.

7  Plaintiff will be given a further opportunity to file an amended complaint.

8  Plaintiff must use the court's form for filing a civil rights action, which will be provided with this

9  order. If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the

10 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

11 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must identify each named defendant, and

12 must allege in simple terms how each named defendant is involved. There can be no liability

13 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

14 defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v.

15 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

16 1978). Furthermore, vague and conclusory allegations of official participation in civil rights

17 violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18 In addition, plaintiff is informed that the court cannot refer to a prior pleading in

19 order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an

20 amended complaint be complete in itself without reference to any prior pleading. This is

21 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

22 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, prior

23 pleadings no longer serve any function in the case. Therefore, in a third amended complaint, as

24 in an original complaint, each claim and the involvement of each defendant must be sufficiently

25 alleged.

26 In accordance with the above, IT IS HEREBY ORDERED that:

4

1. Plaintiff's second amended complaint is dismissed; and

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Third Amended Complaint.

Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

DATED: March 23, 2012.

UNITED STATES MAGISTRATE JUDGE

grim2346.3amd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL W. GRIMES,<br><br>    Plaintiff,<br><br>    vs.<br><br>FOLSOM STATE PRISONS PSYCHIATRIC SERVICES UNITS MEDICAL STAFF, DR. M. BOBBALLA, et al.,<br><br>    Defendants.<br>_____/ | No. 2:10-cv-2346 JFM (PC)<br><br><br><br><br><br><br><br>NOTICE OF <u>AMENDMENT</u> |

Plaintiff hereby submits the following document in compliance with the court's order filed _____:

_____        Third Amended Complaint

DATED:


_____
Plaintiff

6