IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL W. GRIMES,

    Plaintiff,                  No. 2:10-cv-2346 WBS JFM P

    vs.

FOLSOM STATE PRISONS
PSYCHIATRIC SERVICES
UNITES MEDICAL STAFF, R.
M. BOBBALLA, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

                                       /

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 25, 2013, defendants filed a motion to dismiss pursuant to the unenumerated provisions of Federal Rule of Civil Procedure 12(b) and a motion to revoke in forma pauperis status. On January 23, 2013, the court advised plaintiff of the requirements for filing an opposition to the pending motion and that failure to timely oppose such a motion might be deemed a waiver of opposition to the motion. ECF No. 49.

On June 3, 2013, plaintiff was ordered to file any opposition to the motion to dismiss within thirty days and informed that failure to file an opposition would be deemed a statement of non-opposition to the pending motions and would result in a recommendation that the action be dismissed pursuant to Fed. R. Civ. P. 41(b). ECF No. 61. The thirty day period has

1

expired and plaintiff has provided neither a response to the order nor an opposition to either motion.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors support dismissal of this action. The action has been pending for well over two years. Plaintiff's failure to comply with the Local Rules and the court's June 3, 2013 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the

1 reasons set forth <u>supra</u>, the first, second, and fifth factors strongly support dismissal and the third
2 factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh
3 the general public policy favoring disposition of cases on their merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at
4 1263.
5        For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
6 dismissed pursuant to Federal Rule of Civil Procedure 41(b).
7        These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
12 objections shall be filed and served within fourteen days after service of the objections.  The
13 parties are advised that failure to file objections within the specified time may waive the right to
14 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
15 DATED: July 15, 2013

                /s/ Allison Claire
                ALLISON CLAIRE
                UNITED STATES MAGISTRATE JUDGE

12
grim2346.46fr